Okay, our final argument of the morning is in Appeal No. 23-13-15, the United States v. Shamone White. And Mr. Murphy, nice to see you. Good morning. Good morning, Your Honors. Andrew Murphy for Shamone White. Mr. White raises two closely related challenges to his firearm-related convictions in this case. First, Mr. White argues that the government's evidence was insufficient for a reasonable jury to find him guilty beyond a reasonable doubt. Second, Mr. White argues in the alternative that the district court's unnecessary on-or-about instruction likely confused the jury and requires a remand for a new trial. I'll begin with the insufficiency of the evidence. Not only was the government's case asks the jury to believe that guns are used in drug trafficking primarily. They're tools of the drug trade. And in that respect, we think that this case is very similar to United States v. Chires. The facts are very similar. There, as in this case, you had a defendant who was a passenger in a car that he was neither driving nor owned. There was a drug transaction that the defendant was involved in, and the police found a gun underneath the seat where the defendant was sitting. Nonetheless, in that case, this court found the evidence insufficient for a reasonable jury to find beyond a reasonable doubt that the defendant in that case knew that the gun was there. But I don't think you had in that case the defendant's comments to the officers when they asked him about the presence of a gun without showing him what it was. Defendant's knowledge of it and comments about it and admitting that he had touched it a week ago without even seeing what it was. Your Honor, Mr. White's statement that he touched the gun, I think the government makes a little too much of that evidence and overstates it a little. Mr. White never described the gun. He didn't say what caliber it was. But we have to view the evidence in the light most favorable to the government, not in the light most favorable to Mr. White. And before he saw the gun, before he saw the contents of the bag, he admitted essentially that he knew that gun was there and he had previously touched it. Yes, Your Honor. We submit that the facts of this case really do matter. And the circumstances here, which is where you have two men who are the only occupants of a car. Once Mr. White has been told that there's a gun in the bag, it's a very natural inference that he knows if it's not his gun that it belongs to Mr. Campbell. And so that's how he could have inferred that it was Mr. Campbell's gun. And the fact that he... He associated himself with the gun with his own... Forget whether he possessed it a week ago. He, you know, legally possessed it. He associated himself with it. He associated... He revealed that he had knowledge of the gun. Well, more than that, that he touched it. Yes, Your Honor. And that relates to the second point, the instructional error in this case, which we think is also very important. No, no, no. Hold on. Why does it relate only to the second issue? Why doesn't it relate to the first issue of whether there's sufficient evidence for a jury against the backdrop of what you could see as kind of similar content, complementary content between the blue and the gray bag, the defendant's admission of an association with the gun, that he possessed the gun for purposes of the 922 and 924C charges on January 29th, 22? It matters in this case, Your Honor, because the unnecessary honor about instruction invited the jury to conflate the two incidents. So there's all the evidence about what happened on January 29th, 2022, and whatever may or may not have happened before. And I think in this respect, page 43 of the government's brief is revealing. There the government is arguing not just that the jury should have inferred based on the touching comment. So focus on the 924C charge in isolation for a minute. Isolate it from everything else. Is there any possible way that the jury could have concluded that he committed the 924C offense on any day other than January 29th? Yes, Your Honor. We think in this case the sole purpose of the honor about instruction was so that the jury would conflate the entire series of events. But there's no evidence that there were any drugs a week prior to January 29th. And the 924C conviction requires that the firearm be used in furtherance of the drug trafficking. And the drug trafficking charge was very specific. It was for the drugs in the car. Your Honor, the government in this case, throughout the trial, treated these as three continuing offenses. That's how they're described. I believe it's page 235. So they argued marijuana possession. The marijuana possession occurred on or about January 21 or 22? That wasn't the evidence at trial, but the prosecutor... other than what happened in the car. That's correct, which is why the honor about instruction is unnecessary. But it's also prejudicial because the government also told the jury that Mr. White could be convicted based solely on a statement that he touched a gun. That is not an accurate statement of the law. And the government doesn't really seem to dispute that in this case. We cited... Mr. Canestro will come up. We'll give him some questions about that. But I just don't see... the kilo of marijuana was in the bag in the car on January 29th. I don't see how in the world the 841 conviction could have occurred on any day other than January 29th. And then if that's right, the 924C has to connect to the 841 conviction. Legally, it has to connect. Your Honor, again, I would direct you to the testimony below. I believe it's page 235 of the trial transcript. There, the prosecutor, in arguing for the on or about instruction, says something to the effect that these are all three continuing violations. Yeah, the argument's not evidence, though, right? The only evidence before the jury is drug possession, marijuana possession, on January 29th. And I don't think the government argued that before the jury. That's something it said at the jury instruction conference. There was some testimony on the body cam footage of Mr. White where he said that he had purchased the marijuana from someone named Tito a few days before. And so that did come in on the body cam footage, Mr. White's testimony about how he acquired the marijuana. But the government's argument wasn't that either the drug conviction in Count 1 or the 924C was based on anything other than what was in the car. If that's true, Your Honor, then the on or about instruction is indisputably unnecessary. And we think it's prejudicial in light of the erroneous statement of law that touching a gun is enough to prove possession. But again, I would direct you to what the prosecutor said at the instruction conference about why this was unnecessary. And the statement was to the judge, not to the jury, that these were three continuing offenses. And because there was some testimony that Mr. White had purchased the drugs a few days before January 29th, the dates were a little fuzzy is, I believe, what he said. So, you know, there's really no purpose in the on or about instruction other than to conflate these series of events. There's what happened on January 29th. There's whatever may or may not have happened a week before. You want to save some rebuttal time? Yes, Your Honor. Okay. Yeah. Very well. Master, good morning. May it please the Court. Good morning, Your Honors. Jeff Kinster on behalf of the United States. I'll pick up with the jury instruction issue. And I think most of the discussion there was as to if there's any possibility of prejudice. Of course, our argument is it was a perfectly appropriate instruction, and I'd like to get there. But picking up with prejudice, the 924C count, as Your Honors have been getting at, proves that there's no prejudice, both because of the conduct necessary to that count and because of the time period of the evidence underlying that count. So, importantly, the 924C count, it wasn't charged as just possession and furtherance. It was carrying during and in relation to a drug trafficking crime. The jury was further instructed that carrying meant to knowingly transport. So in finding that the defendant was guilty of the 924C count, the jury necessarily found that the defendant didn't just touch the firearm. In fact, he knowingly transported it and did so in a way that facilitated and furthered his drug trafficking. On top of that, as Your Honors have noted, the primary evidence underlying the 924C count was certainly the events of January 29. The way it was found in the car, the relationship between the firearm to the drug scales that were in the very same compartment of that bag, the relationship between the drug scales and the marijuana the defendant admitted to possessing, because that marijuana had been weighed out in the individual baggies, something a drug dealer would do using a digital scale. And then that scale with the marijuana residue was found in the exact same compartment of this bag that had the loaded, stolen firearm. I would add, though, that that wasn't the only possibility. The evidence also supported a finding that within the last two days, the defendant had possessed this firearm in furtherance of the drug trafficking or during and in relation to the drug trafficking, because the defendant admitted that he had purchased this marijuana two days earlier. And so then, of course, there's additional evidence that he had not only possessed the firearm, but added it up into individual baggies, likely using this digital scale. And the scale being found in the very same compartment of the bag as this prototypical tool of the drug trade, the loaded, stolen handgun, at whatever point the defendant was doing that, he would have known that there was a firearm in the bag as well. And on top of that, although the evidence in the jury's verdict forecloses a possibility that the jury convicted solely based on the firearm possession a week earlier, the firearm possession a week earlier is still relevant, and that was a permissible basis for the jury's verdict, even though we know it didn't rule on that ground. So this was a perfectly appropriate instruction. Have we ever said that just touching is enough for possession? So, touching is not the same as possession. That's what this court said in Wilson in, I think, a 1991 case. But in that case, this court found... But have we ever said that touching is sufficient for possession? We've said it's different, but in the cases where a defendant has just said, I touched, or there's evidence that a defendant just touched, and that's sufficient for possession? I think Wilson is that case, because the evidence there was only that it was a fingerprint. A fingerprint shows nothing more than that a defendant touched something. It doesn't tell you how that happened. And in Wilson, the defendant's fingerprint was on the firearm, and that firearm was found in the defendant's girlfriend's house. And so this court recognized it was a close case, and the jury could have acquitted on those facts, but the court found that between the fingerprint and the fact that the firearm was found in the defendant's girlfriend's apartment, that that at least permitted the jury to draw the inference of possession. I thought we said in Wilson that merely touching would not be possessing the firearm. That's correct. So the two aren't the same. It's possible to touch without possessing, but one at least permits an inference of the other. Touching... My reading of Wilson is that the court found that the existence of the fingerprint, which proves that the person touched... Right. It might be enough to be relevant to possession if you have more evidence. But here, the only evidence of touching the firearm was his statement that he had touched it a week ago, and there's nothing else to go with anything that happened that week ago. So I think there are two other pieces of context that do flesh out what happened there. The first is the context of the defendant's statement that he touched it. First, he denied having touched it, and then when confronted and asked, well, what's going to happen if we run this for prints and DNA? At that point, he said, well, I touched it, and he didn't say more. But I think the jury could reasonably find that he's really just trying to minimize... If that's all the evidence you had, do you think a jury could find him guilty of possession beyond a reasonable doubt? If he said, I touched it a week ago, if he first denied it, and then he said, I touched it a week ago, do you think that would be sufficient? Yes, but that would be a very... For beyond a reasonable doubt? Honestly, that's my reading of Wilson. I think Wilson did hold that. But, of course, we know here that that hypothetical would require us to ignore everything that actually happened on the day of the arrest. You think you all made this much more complicated than you needed to be by leaving the on or about language in this indictment? No, and the reason for that... I look at this, and I think, on this evidence, why in the world didn't the government get that, just strike that? So I think the reason it was appropriate here is because four different times during the conversation, but four different times he says, I didn't know it was there today. So he's specifically focusing his denial on the date of the incident. And so when we know that over the past two days he's possessed this marijuana, and the firearm is connected to the marijuana, we know that the previous week he touched it. Why don't you just argue that... Why not just argue that that's relevant to the possession on January 29th? I mean, certainly that's... He admitted the blue bags his. That's certainly the... For the defendant. Right, and that was the government's primary argument at trial. This was the defendant's tool of the drug trade that he was possessing at that place at that time. And we know from the 944C verdict, that's exactly what the jury found. That he not only... This wasn't just a touching. He carried it. He knowingly transported it, during and in relation to his drug trafficking crime. So, to your point, there is no possibility of prejudice, because the case is very... It's a very straightforward case as to the circumstances of the arrest itself. But in the government's view, this was appropriate. It's legally correct. The indictment charged only on or about. That's exactly what the court instructed the jury. And because there was evidence, both the defendant's denial limited to the specific date, and evidence of possession within the previous week, we think it was an appropriate instruction under these circumstances. I'm happy to answer any questions about the sufficiency of the evidence. Again, our point there is really just, this is the defendant's tool of the drug trade. As your Honor noted, it's not only that the firearm was in the car, but these two bags have essentially mutually reinforcing tools of the drug trade. All the facts, including the circumstantial evidence, supported that conclusion. That's clearly what the jury found. Does your Honor have any further questions? We ask this court to affirm. Okay. Thank you very much. Mr. Murphy. Briefly, Your Honor, just a few points. First is I think I heard my colleague say that the jury in this case could have found that Mr. White carried a gun in furtherance of a drug trafficking crime two days before his arrest, when he purchased the drugs that he was selling, presumably. In that scenario, I don't know why we can infer that the jury necessarily thought it was January 29th, if they could have thought it was two days earlier. Also, Wilson is distinguishable, we think. There was testimony in that case that the defendant lived at the residence and there were men's clothes found underneath in the box spring where the gun was found. There was a fingerprint, right? Yes, but that was just one piece of evidence along with the other evidence in this case. It wasn't just based on the mere touching that you could infer from the fingerprint. And again, I go back to page 43 of the government's brief. It makes some intuitive sense that if Mr. White says that he touched the gun a week before, that that would support the idea that he knew the gun was in the bag on January 29th. It does not work the other way around. The government in this case is asking the jury to speculate, based on what happened on January 29th, that when Mr. White said that he touched the gun, that he really did more than just touch it, that he possessed it. And again, the government doesn't really make an argument that touching isn't possession. We don't think so. For these reasons, we ask that the court vacate Counts 2 and 3 of the indictment. Thank you, Your Honors. Okay. Mr. Murphy, thanks to you.  We very much appreciate that, your service to the court and to Mr. White. Mr. Kinstra, as always, thanks to you. We'll take the appeal under advisement. And that concludes the day's arguments. The court will be in recess.